1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   NATIONAL PRODUCTS INC.,            | Case No. 2:25-cv-00730

10                Plaintiff,

11        v.                            **COMPLAINT FOR PATENT INFRINGEMENT**

12   JACK H. DOVEY, JR.,

13                Defendant.            **JURY TRIAL DEMANDED**

14

15        Plaintiff National Products Inc. ("NPI") brings this action against Defendant Jack H.

16   Dovey, Jr. ("Defendant" or "Dovey") for damages and other appropriate relief based on

17   Defendant's violations of NPI's patent rights.  NPI states and alleges as follows:

18                            **THE PARTIES**

19        1.    NPI is a corporation organized and existing under the laws of the State of

20   Washington, having its principal place of business at 8410 Dallas Ave S., Seattle, Washington

21   98108.

22        2.    NPI is a market leader in the design, manufacture, and sale of innovative docking

23   cradles and protective cover products, including docking cradles and protective covers for

24   tablets, cellular phones, and other portable devices, which are used, for example, in cars, trucks,

25   bikes, planes, boats, motorcycles, material handling, food and beverage, hospitality, healthcare

26   and retail applications.

27        3.    Upon information and belief, Dovey is an individual residing in Federal Way,

28

Washington.

4.    Upon information and belief, Dovey was and is a principal of Innovative Intelligent Products d/b/a GPS Lockbox, a manufacturer and distributor of mounting and protective cover systems for consumer electronics.  Upon information and belief, at Dovey's direction, GPS Lockbox advertised, marketed, and sold products that infringe the patent at issue in this lawsuit ("Infringing Products"), to the public throughout the United States, including within this judicial district.

## NATURE OF THE ACTION

5.    This is a civil action for infringement of United States Patent No. 9,706,026 ("the '026 patent") under the patent laws of the United States, including, without limitation, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.    This Court has personal jurisdiction over Defendant.  Upon information and belief, Dovey resides within this judicial district, and controlled and controls GPS Lockbox from within this judicial district, including from GPS Lockbox's principal place of business.  This Court also has personal jurisdiction over Dovey because Dovey has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district and elsewhere that led to foreseeable harm and injury to NPI.

8.    Upon information and belief, Dovey caused GPS Lockbox to sell and offer to sell the Infringing Products directly through its website to the public throughout the United States, including this judicial district.

9.    Upon information and belief, Dovey lives in and directed the business of GPS Lockbox from within this judicial district.

10.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Dovey has committed acts of infringement in this District and resides within this District.

COMPLAINT FOR
PATENT INFRINGEMENT                           - 2 -
Case No. 2:25-cv-00730

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

**THE '026 PATENT**

11.     On July 11, 2017, the '026 patent, entitled "Docking Sleeve With Electrical Adapter" was duly and legally issued to Jeffrey D. Carnevali.  The '026 patent is generally directed toward a docking cradle for an accessory device, such as, for example, a cellular phone, phablet, tablet, laptop, radar detector, handheld device, or the like.

12.     NPI is the owner, by assignment, of all right, title, and interest in the '026 patent, including the rights to exclude others and to sue and recover damages for infringement.

13.     To the extent any marking or notice was required by 35 U.S.C. § 287, NPI and/or all predecessors in interest and/or implied or express licensees of the '026 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by fixing the word "patented" together with the address of NPI's website, which is accessible to the public without charge and which associates the patented article with the '026 patent in the "Patent and Trademarks" page of NPI's website, on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of the '026 patent.

14.     A true and correct copy of the '026 patent is attached as **Exhibit A**.

**THE *GPS LOCKBOX* LITIGATION**

15.     On March 20, 2020, NPI filed a patent infringement lawsuit against GPS Lockbox.  *See Nat'l Products Inc. v Innovative Intelligent Prods., LLC d/b/a GPS Lockbox*, Case No. 20-cv-00428, Dkt. 1 ("*GPS Lockbox*").

16.     NPI asserted that GPS Lockbox's Infringing Products infringe various patents, including NPI's '026 patent.  *Id.*

17.     NPI asserted in *GPS Lockbox* that GPS Lockbox's Infringing Products infringe claim 11 of the '026 patent.

18.     The court granted summary judgment that the Infringing Products infringe claim 11 of the '026 patent.  *See Nat'l Prods. Inc. v. Innovative Intelligent Prods. LLC*, No. 2:20-cv-00428-DGE, 2024 WL 4212945, at *16 (W.D. Wash. Sept. 17, 2024).

19.     In that same order, the court ruled that claim 11 of the '026 patent was valid,

enforceable, and was entitled to a February 24, 2014 effective filing date. *Id.*

20.   The court's summary judgment disposed of all defenses GPS Lockbox had to infringement of claim 11 of the '026 patent.

21.   The court enjoined GPS Lockbox and those acting in concert with GPS Lockbox from further infringement of claim 11 of the '026 patent. *GPS Lockbox*, Dkt. 268.

22.   The parties agreed that trial would proceed on any remaining issues on May 5, 2025. *GPS Lockbox*, Dkts. 260, 262.

23.   The parties agreed to a streamlined trial limited solely to the issues of (1) damages for GPS Lockbox's past infringement and (2) to determine whether GPS Lockbox's infringement was willful. *GPS Lockbox*, Dkts. 269-270.

24.   The parties proceeded through all pre-trial proceedings. *GPS Lockbox*, Dkts. 271-281.

25.   Just over a month before trial, without prior notice to NPI, Dovey placed GPS Lockbox in a state court receivership proceeding. *GPS Lockbox*, Dkt. 285.

26.   GPS then informed the court that the case was stayed pursuant to RCW 7.60.110. *Id.*

27.   The court requested briefing on whether a state law, such as RCW 7.60.110, automatically stays a federal court action based on federal question jurisdiction. *GPS Lockbox*, Dkt. 286.

28.   After receiving the parties' briefing, the court determined that RCW 7.60.110 could not stay a federal proceeding and ordered trial to proceed. *GPS Lockbox*, Dkt. 299.

29.   After the court issued its order, Dovey caused GPS Lockbox to place itself into Chapter 7 bankruptcy. *GPS Lockbox*, Dkt. 300.

30.   The Chapter 7 bankruptcy stayed *GPS Lockbox* as to the defendant, GPS Lockbox, and precluded NPI's ability to obtain a judgment for damages and willful infringement at the previously scheduled May 5, 2025 trial. *GPS Lockbox*, Dkt. 301.

31.   NPI has not recovered any damages for GPS Lockbox's infringement.

COMPLAINT FOR
PATENT INFRINGEMENT                              - 4 -
Case No. 2:25-cv-00730

**DOVEY'S CONTROL OF GPS LOCKBOX**

32.     At all times relevant to the conduct complained of herein, Dovey controlled GPS Lockbox's actions.

33.     Dovey is one of two founders of GPS Lockbox.

34.     Dovey co-founded GPS Lockbox in or around 2010, along with his partner at the time, Joseph Todrzak.

35.     Dovey participated in the decision to develop and/or launch every one of the Infringing Products. *GPS Lockbox*, Dkt. 79-7 at 15.

36.     Dovey ran GPS Lockbox during the time it infringed claim 11 of the '026 patent.

37.     Dovey was responsible for all of GPS Lockbox's sales of the Infringing Products.

38.     Dovey made the decision for GPS Lockbox to continue selling the Infringing Products after NPI filed its lawsuit against GPS Lockbox.

39.     After Mr. Todrzak passed, Dovey took full control of all aspects of GPS Lockbox.

**DOVEY'S CONTROL OF GPS LOCKBOX'S DEFENSE IN *GPS LOCKBOX***

40.     Dovey was intimately involved in every aspect of his company's defense in *GPS Lockbox*. *GPS Lockbox*, Dkt. 21-2 ¶ 7; *GPS Lockbox*, Dkt. 56-1 ¶ 2.

41.     Dovey "had been appointed the principal [of GPS Lockbox] with primary responsibility for preparing GPS Lockbox' defense" in *GPS Lockbox*, *GPS Lockbox*, Dkt. 21-2 ¶ 7, and he referred to GPS Lockbox's lawyers in that case as "my attorneys." *Id.* ¶¶ 6-7.

42.     Dovey helped prepare GPS Lockbox' preliminary invalidity contentions, including identifying "prior sales of invalidating products, prior advertisements and marketing of invalidating products, prior offers for sale of invalidating products, knowledge of industry products, knowledge of industry references, etc." Dkt. 21-2 ¶ 7.

43.     Dovey helped with claim construction and GPS Lockbox's non-infringement arguments in that case, "includ[ing] providing my knowledge of the meaning in the industry of various claim terms and therefore whether GPS Lockbox' products contain or lack those elements." *Id.*

44.     Dovey also "was the only person at GPS Lockbox able to assist with production of hard copy documents." *Id.*

45.     Dovey testified that:

> [T]here is no one at GPS Lockbox that can do the job that I am assigned to do for this litigation. There are no staff members of GPS Lockbox in the Seattle area that have knowledge of the products, product development, sales, advertising, and overall history of dealings between NPI and GPS Lockbox as I do. There are no staff members of GPS Lockbox in the Seattle area that have access to the information needed by the attorneys for GPS Lockbox to respond to the upcoming case schedule deadlines (e.g. sale dates, offers for sale dates, product advertising, trade show dates, etc.). There are no GPS staff members that can step in and do what I am doing for this case because there is no one with my longevity nor knowledge of the facts and files, and no one in the office that has the authority to properly address issues that may arise. In sum, there are simply no other staff members of GPS Lockbox available in the Seattle area that can provide the assistance to the attorneys that is necessary to defend the allegations of NPI.

*Id.* ¶ 8.

46.     Dovey further testified that:

> The other principal of GPS Lockbox, Joe Todrzak, is also not an option. First, he lives and works in Southern California, so he is essentially geographically unavailable for most purposes. Moreover, requiring him to take over my litigation-related duties would cause GPS to stop product development and production operations, and most sales activities and management activities, which he has taken over because of this lawsuit. Although I think that GPS Lockbox could probably survive requiring Mr. Todrzak to assume my duties, I cannot assure it, particularly in the current covid 19 crises which is already taxing our business.

*Id.* ¶ 9.

47.     Mr. Johsua King, GPS Lockbox's counsel in the prior suit, testified that:

> GPS Lockbox was very much involving Mr. Dovey in this lawsuit, including to assure that GPS Lockbox' contentions would be accurate, for example to properly represent GPS Lockbox's products, etc.

*GPS Lockbox*, Dkt. 21-3 ¶ 7.

48.     Mr. King, further testified that:

> Mr. Dovey is crucial to GPS Lockbox' defense. Mr. Dovey is GPS Lockbox' primary and only local contact with GPS Lockbox' attorneys. Mr. Dovey's knowledge, information, and assistance is critical for numerous aspects. Further, Mr. Dovey's in-person presence has been critical for GPS Lockbox' attorneys to learn about both the accused products and NPI's products, including that he's

COMPLAINT FOR
PATENT INFRINGEMENT                          - 6 -
Case No. 2:25-cv-00730

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

been needed for in-person, hands-on explanation of the numerous devices at issue in this lawsuit. Mr. Dovey has also been critical to be present in-person to understanding the approximately 17 bankers boxes of hard copy documents at GPS Lockbox' offices, including determining which may be responsive versus non-responsive to NPI's requests for production of documents. Without Mr. Dovey's assistance GPS Lockbox cannot fully prepare its PNICs or PINVCs.

*GPS Lockbox*, Dkt. 24-1 ¶ 2.

49.    Mr. King later reiterated how integral Dovey was to GPS Lockbox's defense. He testified that "GPS Lockbox certainly does involve its client in its own litigation." *GPS Lockbox*, Dkt. 51-3 ¶ 5. Mr. King informed the court that: "[t]o be absolutely clear: Mr. Dovey is critical to this case that NPI forced on him and his company, and he is all the more critical because of the passing of Mr. Todrzak." *Id.*

## DOVEY'S INTENTIONAL DISREGARD AND WILLFUL INFRINGEMENT OF NPI'S '026 PATENT

50.    Dovey learned about NPI's GDS IntelliSkin products and their features no later than March 2015.

51.    At the same time, Dovey learned that NPI had patents pending on its GDS IntelliSkin products.

52.    GPS Lockbox had not begun selling the Infringing Products as of March 2015.

53.    Dovey did not look for any NPI patents before launching the Infringing Products.

54.    Dovey and GPS Lockbox had no procedures to check whether they would infringe a competitor's patent when they launched the Infringing Products.

55.    Dovey made the decision to keep selling the Infringing Products after NPI filed its lawsuit against GPS Lockbox.

56.    Dovey never considered stopping GPS Lockbox from selling the Infringing Products in light of NPI's lawsuit.

57.    Dovey made the decision for GPS Lockbox to advertise the Infringing Products using the key word "IntelliSkin."

58.    Dovey instructed marketing personnel at GPS Lockbox to "copy" NPI's marketing material.

COMPLAINT FOR
PATENT INFRINGEMENT                - 7 -
Case No. 2:25-cv-00730

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

59.     Dovey testified that "we had to keep selling or we would go out of business."

60.     As of 2022, Dovey did not know what NPI's patent claims, including claim 1 of the '026 patent, cover.

61.     As of June 27, 2023, Dovey had only read bits and pieces of NPI's '026 patent and not read through the claims at all.

62.     Dovey caused GPS Lockbox to continue to offer the Infringing Products for sale even after the *GPS Lockbox* court granted summary judgment of infringement.

<u>**COUNT I**</u>
<u>**PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 9,706,026**</u>

63.     NPI realleges and incorporates by reference the allegations in paragraphs 1-62 above.

64.     Dovey and GPS Lockbox have directly infringed at claim 11 of the '026 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States cradle kits that infringe the '026 patent including but not limited to the Infringing Products identified at *GPS Lockbox*, Dkt. 278 at 3 n.3. *See Nat'l Prods. Inc. v. Innovative Intelligent Prods. LLC*, No. 2:20-CV-00428-DGE, 2024 WL 4212945, at *16 (W.D. Wash. Sept. 17, 2024).

65.     Dovey induced GPS Lockbox to commit direct infringement of claim 11 of the '026 patent.  As explained above, Dovey was GPS Lockbox's principal and was involved or made every decision related to GPS Lockbox's infringement, including launching the Infringing Products, continuing to sell the Infringing Products during the pendency of this lawsuit, and to continue advertising the Infringing Products even after the court ruled that GPS Lockbox action in doing so were infringing.

66.     Dovey has had actual knowledge of the '026 patent and his and GPS Lockbox's infringement thereof since at least March 2020.  But Dovey has been willfully blind to the '026 patent and his and GPS Lockbox's infringement since July 11, 2017, when the '026 patent issued.  Upon information and belief, Dovey's infringement, and his inducement of GPS

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

1    Lockbox's infringement, of the '026 patent was willful.

2    **PRAYER FOR RELIEF**

3    WHEREFORE, NPI prays for the following relief:

4    a.    A judgment that Dovey has directly infringed the '026 patent;

5    b.    A judgment that Dovey induced GPS Lockbox's infringement of the '026 patent;

6    c.    A judgment and order requiring that Dovey pay damages under 35 U.S.C. § 284,

7    with prejudgment and post-judgment interest;

8    d.    A judgment that Dovey's infringement has been willful, and a three-fold increase

9    in damages;

10    e.    A judgment and order directing Dovey to pay the costs of this action, including all

11    disbursements and attorney fees as provided by 35 U.S.C. § 285, with

12    prejudgment interest; and

13    f.    Such other and further relief as the Court may deem just and equitable.

14    **DEMAND FOR JURY TRIAL**

15    NPI hereby demands a trial by jury of all issues so triable.

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR
PATENT INFRINGEMENT                    - 9 -
Case No. 2:25-cv-00730

1

Dated:    April 22, 2025

Respectfully submitted,

2

FENWICK & WEST LLP

3

4

By: *s/ David K. Tellekson*
David K. Tellekson, WSBA No. 33523
401 Union Street, 5th Floor
Seattle, WA  98101
Telephone:     206.389.4510
Facsimile:     206.389.4511
Email:          dtellekson@fenwick.com

5

6

7

Attorney for Plaintiff
NATIONAL PRODUCTS INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR
PATENT INFRINGEMENT                         - 10 -
Case No. 2:25-cv-00730

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511