UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC., <br><br>                    Plaintiff, <br>         v. <br><br> JACK H. DOVEY JR., <br><br>                    Defendant. | CASE NO. 2:25-cv-00730-DGE <br><br> ORDER ON MOTION TO DISMISS (DKT. NO. 9) |

Defendant Jack H. Dovey Jr. ("Dovey") moves to dismiss the complaint filed by Plaintiff National Products Inc. ("NPI").  (Dkt. No. 9.)  For the reasons set forth below, Dovey's motion is GRANTED and this case is DISMISSED without prejudice.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case has its origins in another case filed in this district more than five years ago.  On March 20, 2020, NPI, a designer and manufacturer of docking cradles and protective cover products, filed a complaint in this Court alleging the products of another company, Innovative Intelligent Products LLC d/b/a GPS Lockbox ("GPS Lockbox"), infringed upon two of NPI's

1  patents. *National Products Inc. v. Innovative Intelligent Products LLC*, Case No. 2:20-cv-00428-DGE, Dkt. No. 1.[1]  Dovey is the founder of GPS Lockbox.

On September 17, 2024, the Court issued an order granting in part NPI's motion for summary judgment in the GPS Case, finding, among other things, that GPS Lockbox's products infringed claim 11 of U.S. Patent No. 9,706,026 ("the '026 patent"). (*Id.*, Dkt. No. 259.)  The Court set a trial date of May 5, 2025. (*Id.*, Dkt. No. 262.)  Shortly thereafter, GPS Lockbox initiated receivership proceedings in the state court, filing a petition in the King County Superior Court seeking to have Turnford Consulting LLC ("Turnford") appointed as a general receiver for the company. (*Id.*, Dkt. No. 285.)  On March 31, 2025, the King County Superior Court issued an order granting the petition. (*Id.*)  On April 1, 2025, Turnford informed the Court of the order. (*Id.*)

On April 2, 2025, the Court issued an order directing the parties to submit additional briefing concerning whether state receivership proceedings under Washington Revised Code § 7.60.110 automatically stay federal cases operating with federal question jurisdiction. (*Id.*; Dkt. No. 286.)  On April 15, 2025, GPS Lockbox informed the Court that it had, that day, filed a Chapter 7 bankruptcy petition in the United Stated Bankruptcy Court for the Western District of Washington. (*Id.*; Dkt. No. 300.)  On April 16, 2025, the Court issued an order staying the GPS case pursuant to 11 U.S.C. §362(a)(1). (*Id.*; Dkt. No. 301.)

On April 22, 2025, NPI filed a new case, asserting a single patent infringement claim against Dovey. (Dkt. No. 1.)  NPI alleges Dovey directly infringed and induced infringement of claim 11 of the '026 patent, the same claim and patent at issue in the GPS Case. (*Id.* at 8.)  On June 23, 2025, Dovey filed the instant motion to dismiss. (Dkt. No. 9.)

---

[1] Throughout this order, the Court will refer to the prior action as "the GPS Case."

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) motions to dismiss[2] may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). The court need not, however, assume the truth of conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.   DISCUSSION

Dovey argues NPI's claim against him should be dismissed because it is identical to the claim brought against GPS Lockbox in the GPS Case. (Dkt. No. 9 at 1.) Dovey contends NPI's claim against him in this case involves the same product, patent, and underlying acts of infringement at issue in the earlier filed case. (*Id.*) Dovey argues NPI was aware of Dovey, his actions, and his role in GPS Lockbox years ago, but made a strategic decision not to add him as a party to the GPS case. (*Id.* at 2.) Dovey contends that by filing a separate action against him, NPI is effectively asking the Court to "bail it out" of this decision. (*Id.* at 2.)

NPI does not dispute that the claim at issue in this case, infringement of claim 11 of the '026 patent, is identical to the claim at issue in the GPS Case. However, NPI argues it had two

---

[2] Dovey's motion argues dismissal is appropriate pursuant to Rule 12(b)(6), but cites as the applicable standard of review language from Rule 8(a)(2), which requires NPI's complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."

valid reasons for not seeking to add Dovey as a defendant to the GPS Case.[3] First, it asserts Dovey would have fought any such motion "tooth and nail," resulting in additional delay and expensive motions practice. (Dkt. No. 14 at 7.) Second, NPI claims NPI had no reason to fight "what seemed like an unnecessary battle at that time" because Dovey and GPS Lockbox "repeatedly represented that the company was on solid financial footing." (*Id.* at 7–8.) NPI argues dismissing this lawsuit would be "unprecedented" and would impede NPI's ability to recover for the harm caused by Dovey and GPS Lockbox. (*Id.* at 9.)

### A. Claim-Splitting

Dovey argues NPI's claim against him is barred as impermissible claim-splitting. (Dkt. No. 9 at 5.) "[T]he claim-splitting doctrine is a form of claim preclusion that bars a subsequent patent infringement action when it 'arises from the same transactional facts as a prior action.'" *In re ASM Int'l, N.V.*, 774 Fed. Appx. 650, 653 (Fed. Cir. 2019) (quoting *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1326 (Fed. Cir. 2008); *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, 72 F. Supp. 3d 989, 993–994 (N. D. Cal. 2014) (The prohibition on claim-splitting is a "sub-species" of the doctrine of claim preclusion).

"The law of the Ninth Circuit applies to issues that do not have special application to patent cases, such as those pertaining to general preclusion principles." *Adobe Sys. Inc.*, 72 F. Supp. 3d 989 at 994 n.1. In determining whether a suit is duplicative under the claim-splitting doctrine, courts in the Ninth Circuit borrow from the test for claim preclusion. *Seeto v. Nevada Highway Patrol*, Case No. 2:25-cv-00542-APG-NJK, 2025 WL 915616, at *1 (D. Nev. March 25, 2025), citing *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007),

---

[3] NPI contends it first learned of the extent of Dovey's alleged infringement during discovery in 2023. (Dkt. No. 14 at 7.)

ORDER ON MOTION TO DISMISS (DKT. NO. 9) - 4

*overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).  Claim preclusion bars a second action where "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002).

NPI concedes the first two elements of the claim preclusion test are satisfied.  NPI disputes whether the third element is met, arguing the GPS Case has not been terminated by a final judgment on the merits.  (Dkt. No. 14 at 16.)  However, "the doctrine of claim splitting, unlike res judicata, does not require a final judgment on the merits." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1058–1059 (S.D. Cal. 2007); *Long v. TRW Vehicle Safety Sys., Inc.*, Case No. CV-09-2209-PHX-DGC, 2010 WL 729465, at *5 (D. Ariz. Feb. 26, 2010) ("Final adjudication on the merits of the first action is not a concern in duplicative litigation."); *Rivera v. American Federation of State, County, and Municipal Employees, AFL-CIO, Local 444*, Case No. 3:16-cv-04959-WHO, 2017 WL 3021038 at *3 (N.D. Cal. July 17, 2017) ("[T]he claim-splitting doctrine does not require a final decision in the first action.").

Rather, what is required in the context of a claim-splitting analysis "is to *assume* that the first suit was final, and then determine if the second suit could be precluded." *Single Chip Sys.*, 495 F. Supp. 2d at 1058–1059.  Assuming for purposes of this analysis the GPS Case was final, the doctrine of claim-splitting would preclude this suit given that the other elements for claim preclusion are met.

NPI argues the doctrine of claim-splitting does not apply here because, as a result of the bankruptcy stay, there is only one active case currently before the Court.  (Dkt. No. 14 at 23–24.)  NPI contends that only active proceedings are relevant to the claim-splitting analysis.  (*Id.* at 23.)

In support of its argument, NPI cites case law for the proposition that there is no threat of duplicative litigation when there is only one lawsuit pending before the Court and that staying one of the proceedings "is widely known as a remedy to alleged claim splitting." (*Id.*)

Here, the bankruptcy stay does not remedy the concern raised by NPI's initiation of a second lawsuit. The issue here is whether NPI should be permitted to file a claim against Dovey, identical to the one filed in the GPS Case, years after it could have done so. "The doctrine of claim splitting bars a party from subsequent litigation where the 'same controversy' exists." *Single Chip Sys.*, 495 F.Supp.2d at 1058. There is no question that this case and the GPS Case are part of the same underlying controversy, as NPI appears to acknowledge, nor is there any dispute that NPI chose not to add Dovey as a defendant to the GPS Case by the deadline for doing so, which passed on September 22, 2020. *National Products Inc. v. Innovative Intelligent Products LLC*, Case No. 2:20-cv-00428-DGE, Dkt. No. 20.

NPI's decision not to file a motion seeking to amend its complaint to include Dovey was a strategic choice. One possible consequence of that choice was that NPI might not be able to pursue a claim against Dovey at a later stage. "Parties are entitled to make their own strategic choices in litigation. But they are not entitled to avoid the consequences of those choices." *City of Fort Collins v. Open International, LLC*, Case No. 3:25-mc-00155-IM, 2025 WL 1324249 at *7 (D. Or. May 7, 2025.) NPI must now accept the consequences of its strategic decision.

NPI argues that equitable considerations weigh in favor of denying Dovey's motion. NPI contends the Court should allow its case against Dovey to proceed due to his "misrepresentations about GPS Lockbox's financial health, his statements to the bankruptcy court,[4] and his continued success in thwarting NPI's ability to obtain a final resolution in the GPS Case." (Dkt. No. 14 at

---

[4] The Court will address this argument in the next section. *See infra* Section III.B.

15–16.) NPI cites case law from the Federal Circuit for the proposition that "special circumstances" may justify permitting a plaintiff to pursue a separate action in situations where it would otherwise be precluded from doing so if it can present a "satisfactory explanation" for its decision. (*Id.* at 19 n.1) (citing *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 620 (Fed. Cir. 1995)).

"[C]laim splitting is a discretionary doctrine reflecting "[d]istrict courts . . . broad discretion to control their dockets." *Russo v. Fed. Med. Servs., Inc.*, 756 F. Supp. 3d 748, 758 (N.D. Cal. 2024) (quoting *Adams*, 487 F.3d at 688). "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

Here, the equities of the situation do not weigh in favor of permitting NPI's case against Dovey to proceed. NPI's argument is essentially that Dovey's misconduct has frustrated NPI's ability to recover money damages from GPS Lockbox, and that the only way it can recover damages for the patent infringement common to both cases is to sue Dovey himself for his alleged conduct in directing NPI's activities. NPI claims it did not anticipate that Dovey would "siphon off" profits from his company, strip its remaining assets,[5] and declare bankruptcy weeks before the GPS Case was set for trial. (Dkt. No. 14 at 8.) NPI asserts it relied upon representations from Dovey and others at GPS Lockbox that the company was worth "tens of

---

[5] NPI's allegation against Dovey appears to be based on GPS Lockbox's statement in 2023 that it valued itself at between $18 million and $60 million based on annual sales between 2020 and 2022. (Dkt. No. 16-4 at 22.) According to GPS Lockbox's most recent bankruptcy filing, the company's annual revenue declined from approximately $11.6 million in 2023 to slightly over $1 million in 2025. *In re Innovative Intelligent Products LLC*, Case No. 3:25-bk-40846, Dkt. No. 9 at 25.

millions of dollars" and was "diversif[ying] into non-infringing business lines" that would provide GPS Lockbox a new source of revenue. (*Id.*) NPI claims it would have added Dovey as a party to the GPS Case had it anticipated Dovey's "secret" efforts to "drain assets from the company" leading to his "placing GPS Lockbox into bankruptcy with no warning to NPI or the Court." (*Id.*) Dovey contends NPI's allegations are unsubstantiated and irrelevant to the Court's claim-splitting analysis. (Dkt. No. 18 at 3.)

The Court agrees that the infringement claim against Dovey was never dependent on whether Dovey inappropriately siphoned off profits; it is identical to the claim NPI asserted in the GPS Case. NPI acknowledges it learned as early as mid-to-late 2023 that there was a potential claim against Dovey. Because Dovey's alleged misconduct did not impact NPI's ability to raise the claim in the GPS case, such misconduct does not weigh in NPI's favor or otherwise excuse NPI from failing to assert the claim in the GPS Case. The Court, therefore, finds no basis to exercise discretion in favor of NPI based on Dovey's alleged misconduct. *See Russo*, 756 F. Supp. 3d at 758 ("Because the [claim-splitting] doctrine is discretionary, courts faced with a claims-splitting plaintiff can choose 'to dismiss [the] later-filed complaint without prejudice[.]'") (internal citation omitted).

**B. Judicial Estoppel**

NPI argues Dovey's claim-splitting argument is barred by the doctrine of judicial estoppel. (Dkt. No. 14 at 21–23.) "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The Supreme Court has set out three factors to guide courts in applying the doctrine: (1) whether the party's position is "clearly inconsistent" with its earlier

position; (2) whether the party persuaded a court to accept that party's earlier position such that "judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Consumer Fin. Prot. Bureau v. CashCall, Inc.*, 135 F.4th 683, 692 (9th Cir. 2025) (internal citations omitted).

NPI points to Dovey's statement in GPS Lockbox's bankruptcy proceeding that NPI "should prove up its case against" him in this case, and that "[a]ny factual and legal assertions NPI wishes to advance against Mr. Dovey should be litigated in the case brought against him personally." (Dkt. No. 15-15 at 6.) NPI also cites Dovey's declaration, in which he states: "I am prepared to defend myself against NPI's claims. But they should be litigated in the case brought against me personally." (Dkt. No. 15-16 at 3.) NPI argues Dovey's assertions in the bankruptcy case are inconsistent with his argument that NPI's claims in this case should be dismissed as impermissibly claim-splitting. (Dkt. No. 14 at 22.) NPI argues the bankruptcy court relied upon Dovey's arguments in denying NPI's motion to lift the bankruptcy stay. (*Id.*) NPI further argues that accepting Dovey's allegedly inconsistent positions would result in dismissal of this case and permit Dovey to profit "to the tune of millions of dollars for the willful infringement he personally engaged in and directed." (*Id.*)

Dovey contends that NPI is improperly cherry picking statements from Dovey's objection to NPI's motion to lift the bankruptcy stay, and that, when put in context, Dovey's statements are consistent with his claim-splitting argument. (Dkt. No. 18 at 6–7.) Dovey contends his position is that NPI should not be permitted to re-open the GPS Case to use the Court's findings against GPS Lockbox against Dovey in this case. (*Id.* at 7.) Dovey asserts his

objection in the bankruptcy case was that NPI "must prove up its case against him personally and that should be litigated here, including litigating whether this case should exist at all." (*Id.* at 8.) Dovey asserts his position is that NPI "must prove its case (if any)" against Dovey personally, and "must do so <u>separately</u> from its claims as to GPS Lockbox." (*Id.*)

"Judicial estoppel applies when a party's position is tantamount to a knowing misrepresentation to or even fraud on the court." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1190 (9th Cir. 2000) (quoting *Johnson v. State of Oregon*, 141 F.3d 1361, 1369 (9th Cir. 1998) (internal quotations omitted)). "If a litigant's current position is manifestly inconsistent with a prior position such as to 'amount to an affront to the court, judicial estoppel may apply.'" *Id.* Here, even if there is arguably an inconsistency between Dovey's statements in the bankruptcy proceeding and his position in this case, the positions are not manifestly inconsistent such that it amounts to an affront to the Court. Accordingly, the Court finds the doctrine of judicial estoppel does not bar Dovey's claim-splitting argument.

### C. Alternative Remedies

NPI argues the Court has alternatives other than dismissing this case or permitting it to proceed as a separate action. NPI suggests the Court can either permit NPI to amend its complaint in the GPS Case[6] or consolidate the two cases.[7] (Dkt. No. 14 at 24–25.) While the Court has the discretion to do so, *Russo*, 756 F. Supp. 3d at 758, neither option would be appropriate in this case. Consolidating the two cases would raise the same issue discussed earlier, namely permitting NPI to add Dovey as a party long past the point when it should have

---

[6] Dovey refused to consent to NPI's request to add him as a defendant in the GPS Case. (Dkt. No. 15 at 2.)

[7] NPI actually asserts that neither option is appropriate here, but implies either option would be preferable to dismissal. (Dkt. No. 14 at 24.)

ORDER ON MOTION TO DISMISS (DKT. NO. 9) - 10

done so.  Granting NPI leave to amend in the GPS Case would raise the same concern.  But a motion to amend in the GPS Case has not been filed and is not properly presented to the Court in this matter.  It presumably would face the same challenges already discussed.  *See supra* Section III.A.

### D.  Sufficiency of Complaint

Finally, Dovey argues NPI's complaint fails to sufficiently plead that Dovey engaged in either direct or indirect infringement of NPI's patents.  (Dkt. No. 9 at 2.)  Because the Court is dismissing NPI's complaint on other grounds, the Court will not address this argument.

### E.  Motion to Seal

On July 14, 2025, NPI filed a motion to seal copies of documents and information designated confidential by GPS Lockbox in the GPS Case.  (Dkt. No. 12.)  NPI takes no position concerning whether the documents and information in question warrant confidential treatment, but argues it filed the motion to comply with the protective order issued in GPS Case and initially asserted it was unable to reach agreement with GPS Lockbox's bankruptcy trustee that would permit the documents to be filed publicly.  (*Id.* at 4.)

On July 18, 2025, NPI notified the Court that GPS Lockbox's bankruptcy trustee does not wish to maintain the confidentiality of the documents and information which are the subject of NPI's motion to seal.  (Dkt. No. 17.)  No party in this case wishes to seal the documents, nor does there appear to be any third party whose interests and/or privacy will be adversely impacted if the documents are filed publicly.  Accordingly, NPI's motion to seal (Dkt. No. 12) is DENIED.

## IV. ORDER

Dovey's motion to dismiss (Dkt. No. 9) is GRANTED and this case is DISMISSED without prejudice. NPI's motion to seal (Dkt. No. 12) is DENIED.

Dated this 26th day of August, 2025.

David G. Estudillo
United States District Judge